In the Matter of LESLIE V. BATEMAN, Individually and as Comptroller of the City of Mount Vernon, Respondent, against THE MAYOR AND COMMON COUNCIL OF THE CITY OF MOUNT VERNON, Appellants.

Municipal corporations — Mount Vernon (city of) — relative powers of Board of Estimate and Contract and of Common Council in creating positions and fixing salaries of city employees — Common Council without power to strike from estimate submitted by Board items relating to positions and salaries.

1. Section 81 of the charter of the city of Mount Vernon (L. 1922, ch. 490) read in connection with section 71 plainly indicates that the Legislature intended to confer upon the Board of Estimate and Contract the power to prescribe what subordinate positions of city officials and employees not otherwise provided for shall exist and to fix the salaries or compensation thereof and that the Common Council has no power to diminish or reject any item which relates to salaries, nor to refuse to appropriate the money necessary to pay them.

2. The Common Council of the city of Mount Vernon was, therefore, without authority to strike from the estimate submitted by the Board of Estimate and Contract for the year 1928 new items for clerks in the department of finance; to reduce the estimate for salaries of police; to strike out two items for new positions in the building department and substitute in their stead positions which had previously existed but which the board had evidently determined to abolish, and to omit an item for laboratory stations.

*Matter of Bateman* v. *Mayor, etc.*, 222 App. Div. 416, affirmed.

(Argued January 10, 1928; decided February 14, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 23, 1927, which affirmed an order of Special Term granting a motion for a peremptory order of mandamus to compel the Common Council and Mayor of the city of Mount Vernon to convene and approve the annual estimate for 1928 as presented by the Board of Estimate and Contract.

*J. Henry Esser, Corporation Counsel,* for appellants.
The annual estimate here involved is merely an estimate
and not a fixing of salaries nor a determining of positions.
(*Matter of Fuhrmann* v. *Graves,* 235 N. Y. 77; *People
ex rel. Tyng* v. *Prendergast,* 164 N. Y. Supp. 1042; 164
N. Y. Supp. 1108; 221 N. Y. 659; *Lazinsk* v. *City of
New York,* 163 App. Div. 423; *Lyon* v. *City of New
York,* 82 App. Div. 306; 176 N. Y. 609; *People ex
rel. Collins* v. *Ahearn,* 120 App. Div. 95; *Pryor* v. *City of
Rochester,* 166 N. Y. 548; *People ex rel. Cropsey* v. *Hylan,*
199 App. Div. 218; *Matter of Fleischman* v. *Graves,* 235
N. Y. 84; *Emerson* v. *Buck,* 230 N. Y. 380; *Matter of
Martin* v. *Hylan,* 213 App. Div. 519; *Matter of Smith*
v. *Hylan,* 125 Misc. Rep. 739.)   While the present Mount
Vernon charter has transferred from the Council to a
new Board (Board of Estimate and Contract) the power to
fix salaries and determine positions, it has expressly con-
ferred upon the Council, through its appropriating power,
the power to control the amounts thus to be expended
by the Board.   Each body checks the other, and neither
possesses any independent power to increase expenditures.
*Matter of Tierney* v. *Wynne,* 209 App. Div. 401; *Matter
of Flaherty* v. *Craig,* 226 N. Y. 76; *Matter of Emerson* v.
*Buck,* 230 N. Y. 22; *People ex rel. Cropsey* v. *Hylan,* 199
App. Div. 218; *People ex rel. Plancon* v. *Prendergast,*
219 N. Y. 252.)   Only the " salaries of positions already
filled " were intended by section 81 of the charter to be
mandatory and beyond the power of the Council to
reject or diminish.   (*Pryor* v. *City of Rochester,* 166 N. Y.
548; *Matter of Fuhrmann* v. *Graves,* 235 N. Y. 77; *Matter
of Emerson* v. *Buck,* 230 N. Y. 380; *Matter of Reif* v.
*Schwab,* 204 App. Div. 50.)   The general plan of mak-
ing appropriations for salaries is the same under the
Mount Vernon charter as under the Second Class Cities
Law and harmonizes with the modern judicial conception
of municipal government.   (*Pryor* v. *City of Rochester,* 166
N. Y. 548; *Matter of Fuhrmann* v. *Graves,* 235 N. Y. 77;

*Matter of Emerson* v. *Buck*, 230 N. Y. 380; *Matter of Reif* v. *Schwab*, 204 App. Div. 50.) The interpretation of the word " salaries " in section 81, as referring only to salaries for positions already filled, avoids a conflict in the statutory powers of the Board and Council and is consistent with the general scheme and purpose of the charter, and sustained by sound principles of municipal government. (*Hoey* v. *Gilroy*, 129 N. Y. 132; *Matter of School Board of Brooklyn*, 157 N. Y. 566; *Drew* v. *Village of White Plains*, 157 App. Div. 394; *People ex rel. Tyng* v. *Prendergast*, 164 N. Y. Supp. 1042; 221 N. Y. 659.)

*Sydney A. Syme* for respondent. Section 71 of the Mount Vernon charter confers exclusive power on the Board of Estimate and Contract to determine the number and positions and to fix the salaries or compensation of all city officers and employees of each office, board and department, except where any such positions are created and/or the salaries thereof fixed by or pursuant to some other statutory provision. (*People ex rel. Dunn* v. *Ham*, 166 N. Y. 477; *Pryor* v. *City of Rochester*, 166 N. Y. 548; *People ex rel. Collins* v. *Ahearn*, 193 N. Y. 441; *Matter of Thomas*, 216 N. Y. 426; *Matter of Hamburger* v. *Board of Estimate*, 109 App. Div. 427.) It is the mandatory duty of the Common Council to appropriate all salaries proposed by the Board of Estimate for an ensuing year in that Board's annual estimate of expenditures for that ensuing year, without diminishing or rejecting any item which relates to salaries. (*People ex rel. O'Loughlin* v. *Prendergast*, 219 N. Y. 377; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *Matter of Bronx Parkway Commission* v. *Hylan*, 119 Misc. Rep. 785; 206 App. Div. 688; 236 N. Y. 593; *People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218; 232 N. Y. 601; *Matter of College of City of New York* v. *Hylan*, 120 Misc. Rep. 314; 205 App. Div. 372; 236 N. Y. 594; *Matter of Tierney* v. *Wynne*, 209 App. Div. 402.) The theory that the prohibition

against the Common Council diminishing or rejecting any item which relates to salaries contained in the annual estimate of expenditures adopted by the Board of Estimate refers to salaries for positions already filled, proceeds upon a misapprehension of the provisions of the charter, and a misconception of the scheme and purpose of its provisions in this respect. (*People ex rel. Tyng* v. *Prendergast*, 164 N. Y. Supp. 1042; 164 N. Y. Supp. 1108; 221 N. Y. 659; *Pryor* v. *City of Rochester*, 166 N. Y. 548.) There is no merit in the contention that the inclusion of certain positions and salaries in the annual estimate adopted and submitted by the Board of Estimate and Contract was not a determination of those positions and a fixing of the salaries thereof. (*Lazinsk* v. *City of New York*, 163 App. Div. 423; *People ex rel. Tyng* v. *Prendergast*, 164 N. Y. Supp. 1042; 164 N. Y. Supp. 1108; 221 N. Y. 659.) Even if the act of adopting an annual estimate containing positions and salaries did not amount to a determination of such positions and/or a fixing of such salaries by the Board of Estimate, still the items stated to be for salaries that are contained in the annual estimate adopted by the Board are items " which relate to salaries;" and, hence, can neither be rejected nor diminished by the Common Council (Charter, § 81). (*Matter of N. Y.* v. *Brooklyn Bridge*, 72 N. Y. 527; *Matter of Emerson* v. *Buck*, 230 N. Y. 381; *Matter of Tierney* v. *Wynne*, 209 App. Div. 401.) The Common Council was without power to insert into the annual estimate the positions of assistant building inspector and secretary to the building inspector. (*People ex rel. Dunn* v. *Ham*, 166 N. Y. 477; *Matter of Griffin* v. *Williams*, 168 App. Div. 63; *Matter of Colligan* v. *Williams*, 91 Misc. Rep. 128; *Matter of Tierney* v. *Wynne*, 209 App. Div. 401; *Lazinsk* v. *New York*, 163 App. Div. 423; *People ex rel. Tyng* v. *Prendergast*, 164 N. Y. Supp. 1048; 164 N. Y. Supp. 1108; 221 N. Y. 659; *People ex rel. Kelly* v. *Dooley*, 169 App. Div. 423; *Pryor* v. *City of Rochester*, 166

N. Y. 548; *Grant* v. *City of Rochester*, 79 App. Div. 460; 175 N. Y. 473; *Matter of Emerson* v. *Buck*, 230 N. Y. 38.) The Common Council is without power to reject or diminish any item which appears in the annual estimate for 1928 that was adopted by the Board of Estimate as salaries for extra clerk hire. (*People ex rel. Davison* v. *Williams*, 213 N. Y. 130; *People ex rel. Sims* v. *Fire Comm.*, 73 N. Y. 437; *Rowland* v. *Mayor, etc., of New York*, 83 N. Y. 372.)

POUND, J.  The charter of the city of Mount Vernon (L. 1922, ch. 490) follows the second class cities law (Cons. Laws, § 53; L. 1909, ch. 55) in respect to the powers of the Board of Estimate and Contract and the Common Council.  The problem is to determine the relative powers of such bodies in the matter of creating positions of city officials and employees and fixing of the salaries and compensation thereof, as applied to the estimate submitted by the Board to the Common Council for the year 1928.

Section 21 of the charter fixes the salaries of the Mayor, Comptroller, City Judge, President of the Common Council and aldermen.

Section 32 vests in the Common Council the legislative power of the city and provides that its authority, " except as otherwise provided in this chapter or by law is legislative only."  Appropriations are made by the Common Council by ordinance specifying each item of money appropriated, the amount thereof, and the department or specific purpose for which the appropriation is made. (§§ 38, 46.)

The Board of Estimate and Contract consists of the Mayor, the Comptroller and the President of the Common Council.  (§ 70.)

Section 71 provides:

" § 71. Determination of positions and salaries.  The board of estimate and contract, except as otherwise

provided by law, shall have authority to fix the salaries or compensation, and determine the positions and numbers of all city officers and employees of each office, board and department."

Section 77 provides, with certain exceptions not applicable here:

" § 77. Limitation on contracts and expenditures. Neither the board of estimate and contract nor any officer, board or department of the city, excepting as herein otherwise provided, *shall create any pecuniary obligation whatever on the part of the city which shall not be payable in the current fiscal year and which cannot be discharged from the income of the same year,*   *   *   *."

Section 79 provides:

" § 79. Fiscal year; departmental estimates.   The fiscal year of the city shall commence on the first day of January. On or before the first day of October thereafter in each year, all heads of departments and officers empowered by law or by ordinance to control or authorize expenditures, shall furnish to the mayor estimates, in writing, of the amount of expenditures for the next fiscal year in their respective departments and offices, including a statement of the salaries of all their subordinates, which estimates the mayor shall lay before the board of estimate and contract at its first meeting thereafter, and the same shall be entered in the minutes."

Section 81 provides:

" § 81. Annual estimate.   Not later than the first day of November prior to the commencement of each fiscal year, the board of estimate and contract shall make and adopt an itemized statement, in writing, of the estimated revenues and expenditures of the city for such fiscal year, which shall be known as the annual estimate.   The estimated revenues shall contain an estimate of the probable revenues which, in the judgment of the board of estimate and contract, will be received by the city during the fiscal year, less the amount required to be

deposited to the credit of the sinking fund, if any; a statement of the amount of the sinking fund, which, in the judgment of the board of estimate and contract, is available and should be applied to the payment of the principal of any bonded indebtedness of the city falling due during the said fiscal year; and a statement of all unexpended balances or estimated unexpended balances of the current fiscal year remaining to the credit of the city, or of any office, board or department thereof.  The estimate of expenditures shall contain *an estimate of the several amounts of money which the board of estimate and contract deems necessary to provide* for the expenses of conducting the business of the city in each board, department and office thereof and for the various purposes, contemplated by this chapter and otherwise by law for the said fiscal year; to pay the principal and interest of any bonded or other indebtedness of the city falling due during the said fiscal year; and the amount of any judgments recovered against the city and payable during the said fiscal year, and the probable amount necessary to defray the amount of tax to be levied in the city for state and county purposes and the Bronx Valley sewer assessments.  After said annual estimate shall have been completed and on or before November fifteenth, the board of estimate and contract shall submit the same in final form to the common council with a statement, in writing, of such reasons for such estimate as it may deem proper. The common council shall, as soon thereafter as may be possible, convene and consider the said estimate.  It shall give a public hearing to such persons as wish to be heard in reference thereto.  After such hearing, and on or before December first, the common council shall adopt such estimate so submitted or shall *diminish or reject any items therein contained, and adopt said estimate as so amended.  The common council shall not have the power to diminish or reject any item which relates to salaries, the indebtedness or estimated revenues, or the sums estimated as*

*necessary to pay the tax to be levied within the city for state and county purposes, or the sums lawfully payable within said fiscal year upon judgments; nor shall the common council increase any item for any purpose contained in said estimate."*

Section 83 provides:

" § 83. Tax budget. The amount of estimated expenditures contained in the annual estimate adopted by the common council, less the amount of estimated revenues applicable to the payment thereof, and the amount of all judgments payable prior to the tax levy, shall constitute the tax budget."

Section 85 provides:

" § 85. Annual appropriations. When the common council shall have adopted the final estimates of the board of estimate and contract, or said estimate as amended by it, the same shall be entered at large in its minutes and become a part of its proceedings. The several sums estimated for expenditures therein shall be and become appropriated in the amounts and for the several departments, officers and purposes as therein specified for the said fiscal year. The several sums therein enumerated as estimated revenues and the moneys necessary to be raised by tax in addition thereto to pay the expenses of conducting the business of the city and for the purposes contemplated by this chapter and otherwise by law, shall be and become applicable in the amounts therein named for the purpose of meeting said appropriations. In case the revenues received by the city exceed the amount of such revenues named in said annual estimate, or in case there remain any unexpended balances of appropriations made for the support of the city government or for any other purpose, then such surplus revenues or such unexpended balances shall except as otherwise provided by law, remain upon deposit and be included as part of the estimated revenues for the succeeding year. Nothing herein contained shall prevent the transfer prior

17

to the close of the fiscal year of unexpended balances from one department, officer or purpose to another department, officer or purpose provided such transfer be authorized by resolution duly adopted by the board of estimate and contract and by the common council."

Section 117 provides:

" § 117. Constitution of police and fire departments. The police and fire departments shall, as to their membership, and component parts, remain as now constituted until the same shall be changed by action of the common council. *The board of estimate and contract has power at all times to determine the number of officers and members of each of said departments and the classes and grades into which they shall be divided.* The common council may pass ordinances not inconsistent with law for the government of the police and fire departments, and regulating the powers and duties of their officers and members. The commissioner shall appoint, as vacancies in said department occur, all officers and members thereof, and classify and apportion them into grades to conform to such ordinances."

Other sections of the charter provide that the various heads of departments may make certain appointments, but all other appointments of subordinates are such " as may be prescribed by the board of estimate and contract."

The Board of Estimate and Contract is thus given large powers in the matter of deciding what subordinates may be appointed in the various departments and fixing their salaries or compensation. The Common Council is given no direct or express powers in this respect.

In *Pryor* v. *City of Rochester* (166 N. Y. 548) the court had under consideration the Second Class Cities Law. At that time the law did not expressly limit the power of the Common Council of cities of the second class to reject items included in the estimate relating to salaries. The power is now so limited by Second Class Cities Law (§ 75). The court said:

1928.]          Opinion, per POUND, J.          [247 N. Y. 250]

" We think a fair and proper interpretation of this statute renders it clear that the Legislature intended that to the board and not to the council should be confided the power to fix such salaries or compensation [of offices actually existing]; that as to any of the items contained in the statement of the board which were in fact estimates and not fixed and existing liabilities established by law, the common council had power to diminish or reject, but that as to those which were thus established it possessed no such power."

So in *Matter of Emerson* v. *Buck* (230 N. Y. 380) it was held that there was no limitation upon the power of the Common Council of the city of Buffalo to reduce the amount demanded by the estimate of the Board of Education and that in the absence of such a limitation the Board had no authority to make an estimate which the Council must accept without deduction.

The charter of Mount Vernon differs from the charters under consideration in the cases cited. It expressly provides that " the common council shall not have power to diminish or reject any item which relates to salaries." (§ 81.)

So far as the present statute, the charter of the city, establishes a positive right to create positions and fix salaries in the Board of Estimate and Contract it must be regarded as withdrawing from the Common Council the legal right to refuse to appropriate the money necessary to pay such salaries. (*Pryor* v. *City of Rochester, supra,* p. 559.) Section 81 read in connection with section 71 plainly indicates that the Legislature intended to confer upon the Board of Estimate and Contract the power to prescribe what subordinate positions of city officials and employees not otherwise provided for shall exist and to fix the salaries or compensation thereof and that the common council has no power to diminish or reject any item which relates to salaries. Salary is compensation for fixed regular wages and, on reading the charter

provisions as a whole, we are unable to attach any significance to the fact that section 71 uses the words " salaries or compensation " while section 81 uses the word " salaries."

The Board thus has plenary power to create subordinate positions not otherwise provided for in the city charter or otherwise and to fix the salaries or compensation thereof, although the items contained in the estimate are new positions. The Common Council must approve the same and make the necessary appropriations therefor without diminishing or rejecting any item in the estimate relating thereto. (*People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377.)

We now come to the application of the rule to the case before us.

Under the head " department of finance " the estimate contained the following items: Claims clerk, $1,800; clerk to deputy comptroller, $1,800; indexing and vault clerk, $1,800.

The Common Council struck these items out as unnecessary. Clearly the Board was empowered to create these positions and fix the salaries.

Under the head " police," the estimate contained the item of salaries $295,893. The Common Council reduced this item to $262,693. The Board has power *at all times* to determine the number of officers and men of the police and fire departments and the classes and grades into which they shall be divided. (§ 117.) To be able to exercise this power, the Board was authorized to fix the item of salaries at a sum which would enable it to exercise this power in the future. If it does not exercise its power so as to exhaust the appropriation, any unexpended balance will be included as a part of the estimated revenues of the city for the succeeding year. (Charter, § 86.) The item was clearly one relating to salaries and was beyond the power of the Common Council to diminish.

Under the head " building department " the annual

estimate contained under " salaries " two items for new positions each as follows: " Construction inspector, $2,500." The Common Council struck out these items and inserted two items for assistant building inspector, $2,500, and secretary building inspector, $2,500.

The result of this action was to reject the items relating to positions and salaries presented by the Board and to insert other items in their place. The positions of assistant building inspector and secretary to building inspector had previously existed but were not included in the annual estimate. The Board had evidently determined to abolish such positions in the exercise of its power to determine what positions should exist in the Building Department. The Council had no power to reject the items contained in the estimate for they related to salaries. It had no power to insert the items for the old positions for by so doing it fixed the positions in the Department.

Another item of $71.55 for laboratory stations was omitted under the head of state and county taxes and was properly restored. (§ 71, *supra*.)

The court has ordered the Common Council to adopt the estimate as a whole as submitted without changing any of the items therein contained. The only items in dispute and under review are those above referred to. Some other items may be subject to criticism. The Common Council did not reject or diminish them. The relator seeks to have the rejected items restored. We hold merely that they should be so restored. The estimate and the budget as a whole are not properly before us for review.

The order should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, KELLOGG and O'BRIEN, JJ., concur; ANDREWS and LEHMAN, JJ., dissent.

Order affirmed, etc.