■ In the Matter of JOHN B. MOWRY, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Proceeding pursuant to

CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which excluded certain sums from its computation of petitioner's final average salary. Petitioner is a member of respondent New York State Employees' Retirement System and was employed as village attorney by the Village of Mexico, New York, and as school attorney by Mexico Central School District No. 1 for many years until he retired from these positions at the end of 1973 and applied to respondent for his retirement allowance benefits. Having selected the years 1971, 1972 and 1973 as the years to be utilized in determining his final average salary (Retirement and Social Security Law, § 2, subd 9) for the computation of his retirement allowance, petitioner was later notified by respondent that his final average salary was $3,200, i.e., $1,500 as village attorney and $1,700 as school attorney. Dissatisfied with this result, he applied for a recomputation of his final average salary and benefits, and following hearings on January 28, 1975 and May 12, 1975, the hearing officer found that the prior determination was correct. Accordingly, respondent denied the application for a recomputation and this proceeding ensued. The initial question presented for our determination is whether $9,000 which petitioner received from the village in 1973 for services rendered in regard to a sewer project was properly excluded by respondent in its computation of petitioner's final average salary, and we conclude that it was. Concededly, the services in question here were over and above the normal duties of the village attorney, and petitioner was to be compensated therefor on the basis of the usual and customary professional fees. Thus, the $9,000 payment would not seem to be salary as that term is usually understood, i.e., "compensation for fixed regular wages" *(Matter of Bateman v Mayor,* 247 NY 250, 259), and an Associate Retirement Benefits Examiner Supervisor testified that in her experience and knowledge such payments had never been included in the computation of final average salary. Moreover, the moneys do not qualify as overtime wages because the October 4, 1971 agreement between petitioner and the village as to payment does not set forth with sufficient specificity the terms, conditions and remuneration for the employment and some of the services were performed before the date of the agreement *(Matter of Murray v Levitt,* 47 AD2d 267, mot for lv to app den 37 NY2d 707). Under all these circumstances, we find respondent's determination is rational and supported by substantial evidence and that it is in accordance with the most logical interpretation of subdivisions 2 and 9 of section 2 of the Retirement and Social Security Law. Such being the case, it must be confirmed *(Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Conde Nast Pub. v State Tax Comm.,* 51 AD2d 17, mot for lv to app den 39 NY2d 708). In so holding, we are not unmindful of the opinion solicited from the State Comptroller by petitioner (Opns St Comp., 1972, No. 269) wherein it is stated that a village attorney may be compensated by a village in the form of increased salary for attending to extraordinary legal matters. We do not quarrel with this general proposition, but note that the opinion was rendered by the Comptroller without the specific payment agreement between petitioner and the village before him. When, subsequently, the Comptroller, as administrative head of respondent retirement system, was confronted with the specific agreement upon petitioner's retirement, he ruled that the $9,000 payment should be excluded from the computation of petitioner's final average salary, and this determination is entitled to great weight *(Matter of Howard v Wyman, supra).* For the various reasons cited above, we concur in this result. Similarly, we reject petitioner's remaining contention that $4,900 in

additional compensation which he received from the school district in 1971 and 1972 for the performance of extraordinary services was improperly excluded from the computation of his final average salary. An issue almost identical to the $9,000 payment from the village is presented, and again the determination of the administrative agency is rational and supported by substantial evidence and must be confirmed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.