■　In the Matter of VICTORIA E. LEVENE, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of the New York State Employees' Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for retroactive membership in the New York State Employees' Retirement System. Petitioner was employed by the New York State Workers' Compensation Board and by Harpur College of the State University of New York for several years prior to her retirement in 1970. Petitioner, as a member of the New York State Employees' Retirement System, applied for her retirement allowance and began receiving benefits in November, 1970. In November, 1972, petitioner was first offered a position as a part-time lecturer in the theater department of the State University of New York at Binghamton. By letter dated January 12, 1973, this offer was reconfirmed. The letter stated that petitioner's employment would be temporary, for a specified term, February 1, 1973 through May 31, 1973 and at a compensation of $1,500 for the period. At petitioner's request, the retirement system sent her an explanation of the alternatives she would have if she resumed such government employment. She was informed that she could earn up to $2,100 per year as a government employee and continue to receive her present retirement allowance; or, petitioner could discontinue her retirement allowance and then begin a new membership in the retirement system which would ultimately increase her retirement allowance. She was also advised that if she should elect to discontinue her retirement allowance, she should defer re-entry into the retirement system for one year to protect certain death benefits payable to her beneficiary. Petitioner chose the latter option and notified the retirement system that effective February 1, 1973, she was returning to government employment and wished to suspend receipt of her retirement benefits and defer her new membership in the system for one year. Petitioner, however, was aware from reading newspapers that there was some talk that the Legislature might change or amend the retirement laws. Petitioner worked at various times throughout the summer of 1973 on development of a curriculum for a new degree program designed to offer a degree of Master of Business Administration in Theater and Fine Arts. Her part-time appointment as lecturer in the theater department was renewed in September, 1973, for the period of September 1, 1973 to May 31, 1974 at a compensation of $7,500 for that period. In December, 1973, petitioner, in accordance with the advice she received from the retirement system, notified the system of her intention to rejoin. In response the system sent her an application for new membership as if she were joining the system for the

first time. She was advised by the system that there had been a recent change enacted in the Retirement and Social Security Law, entitled "Limitations Applicable to New Entrants", restricting benefits for those who join or rejoin the retirement system after July 1, 1973 (L 1973, ch 382, as amd by L 1973, ch 1046).* Petitioner joined the system effective February 1, 1974. Subsequently, the Legislature enacted the Laws of 1974 (ch 510, § 30) which provided that any person employed by the State prior to June 30, 1973 and who was actually employed on that date may be deemed to have become a member of the retirement system as of June 30, 1973 if a written request to that effect was filed on or before December 31, 1974. Petitioner timely applied for such retroactive membership. The retirement system, by letter dated February 20, 1975, denied her request on the ground that the time between the expiration of her first part-time contract on May 31, 1973 and her second part-time contract beginning September 1, 1973 constituted an interruption of employment and, thus, she was not actually employed on June 30, 1973 as required by the statute. After a hearing held pursuant to section 74 of the Retirement and Social Security Law, petitioner's application for such status was again denied. Respondent confirmed the findings of the hearing officer and petitioner then brought this article 78 proceeding. Petitioner contends that she should be deemed to have been employed on June 30, 1973 on the basis of her alleged understanding at the time of receiving her spring 1973 appointment that she would be rehired to teach in the fall semester. She also asserts that a course registration form for the spring semester indicated that she would be teaching in the fall and that, pursuant to the terms of her employment, she elected to receive her wages only until May 31, 1973 rather than throughout the summer recess. However, nothing appears in the record to confirm petitioner's "understanding". The 1973 spring semester course registration form lists courses for the spring semester, but gives no indication of the courses to be offered for the fall semester. Petitioner's claim that she elected not to receive wages during the summer recess is not supported by the policy statement of the university trustees, as she suggests. The policy statement which defines an academic year as from September 1 through August 31 clearly excepts appointments, such as petitioner's, where the terms and conditions of appointment specifically provide otherwise. There was no evidence that any formal, written payroll election was executed and petitioner's testimony on the subject was equivocal. Consequently, respondent's determination that petitioner was not employed as a lecturer during the summer of 1973 is not unreasonable (Matter of Swanker v Levitt [Supreme Ct, Albany County, July 9, 1976]) and should not be disturbed (Matter of Howard v Wyman, 28 NY2d 434). Petitioner argues that her services rendered in planning and developing the degree program of Master of Business Administration in Theater and Fine Arts should be deemed to have been employment. Respondent, however, ruled that the services performed by petitioner were voluntary, since she was under no contract of employment and received no wages during that period of time. It is the duty of the respondent in the first instance, as the agency responsible for administering the statute, to determine the proper construction of its terms. Here, we find that the respon-

---

* Petitioner as a retired member of the system may not constitutionally be required to render a minimum of five years of credited service after July 1, 1973 before she is eligible to retire (Mutterperl v Levitt, 89 Misc 2d 428, affd 41 NY2d 956). Otherwise, petitioner is subject to all of the terms and limitations of article 11 (Retirement and Social Security Law, § 440, subd a).

dent's determination is not unreasonable and is supported by substantial evidence in the record. It must, therefore, be upheld *(Matter of Howard v Wyman, supra; Matter of Mowry v New York State Employees' Retirement System,* 54 AD2d 1062). Petitioner claims that the retirement system negligently failed to inform her of the impending changes in the law prior to June 30, 1973 and that the respondent failed to give adequate consideration to this alleged negligence in its decision. At the time the advice was given to her, it was correct. Significantly, she testified that she was aware from reading newspapers in January, 1973, that there was some talk of possible changes in the retirement laws in the Legislature. On this record we cannot say that the respondent did not adequately consider this contention of petitioner. We also note that it would be an unreasonable burden to impose an affirmative duty on the retirement system to inform all interested persons of possible changes in the law. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Larkin and Mikoll, JJ., concur.