■ In the Matter of DOROTHEA MOORE, Individually and as Executrix of THOMAS F. MOORE, JR., Deceased, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrator of the New York State Employees' Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which denied the inclusion of overtime benefits in the computation of the final average salary of petitioner's decedent. The petitioner's husband, who died while this action was pending, was employed as the General Counsel to the Power Authority of the State of New York (PASNY) from April 15, 1954 until his retirement on September 16, 1971. Upon his retirement, the decedent was awarded a lump-sum payment of $12,082.17 by PASNY. One half of that amount was compensation for 30 days of unused vacation time credited to the decedent. The balance was compensation for 30 days of overtime. In computing the decedent's three-year final average salary for purposes of determining his retirement, the respondent included the moneys paid for unused vacation time, but excluded from the computation the moneys paid for overtime. The exclusion of those moneys reduced the decedent's final average salary and, consequently, his retirement allowance. Thereafter, the decedent requested a hearing and redetermination of the computation of his retirement allowance pursuant to subdivision d of section 74 of the Retirement and Social Security Law. After the hearing, the respondent determined that the decedent, as General Counsel to PASNY, had a basic work week which consisted of the number of hours required each week to perform his job satisfactorily. This being so, the respondent concluded that the decedent's conceded long hours of employment through-

out the years with PASNY were not overtime, but were part of his basic work week. The respondent then stated that the rules of attendance of PASNY do not authorize the payment of overtime for work performed within an employee's basic work week. Accordingly, the respondent found that the designated overtime payment was not a payment attributable to overtime, but was payment of some other kind of compensation made in anticipation of the retirement of the decedent. Having characterized the payment to be additional compensation paid in anticipation of retirement, the respondent denied the decedent's application for redetermination. In so doing, respondent concluded that such a payment was not salary or wages within the meaning of subdivisions 2 and 9 of section 2 of the Retirement and Social Security Law. Subdivision b of section 74 of the Retirement and Social Security Law vests the respondent with exclusive authority to determine all applications for any form of retirement, and, therefore, the issue is whether his determination is supported by substantial evidence (*Matter of Mowry v New York State Employees' Retirement System*, 54 AD2d 1062). It is undisputed that the decedent occupied a high level position with PASNY; that he was not required to document either his regular work week hours or overtime; that he frequently arrived at work one-half hour later than the basic starting time of 9:00 A.M.; that he never received, nor apparently asked for, overtime compensation until his retirement in 1971, and that he was otherwise not considered subject to the rules of attendance of PASNY. In light of the foregoing, it is clear that the respondent's determination is rational and supported by substantial evidence. It should, therefore, be confirmed (*Matter of Howard v Wyman*, 28 NY2d 434; *Matter of Levene v Levitt*, 63 AD2d 787; *Matter of Mowry v New York State Employees' Retirement System, supra*). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.