EDWARD V. REGAN, as Comptroller of the State of New York and Head of the New York State Employees' Retirement System, Plaintiff, v LOUIS HEIMBACH, as County Executive of the County of Orange, et al., Defendants.

Third Department, January 6, 1983

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Peter G. Crary* and *William J. Kogan* of counsel), for plaintiff.

*James G. Sweeney, County Attorney,* for defendants.

### OPINION OF THE COURT

LEVINE, J.

Under the terms of a collective bargaining agreement with the Civil Service Employees Association, since January 1, 1979 defendant Orange County (county) has been paying its employees' contributions to FICA. The county, however, has refused plaintiff's request to take these payments into account in making its annual contribution to the State retirement system pension fund. The parties have submitted their controversy pursuant to CPLR 3222 in order to obtain a declaration as to whether the county's payment of its employees' FICA obligations constitutes "annual compensation" within the meaning of section 2 (subd 2, par a) of the Retirement and Social Security Law, thus obligating defendant to report such payments as part of gross salary and to factor the payments into its annual contribution to the State pension fund.

Contribution to the State retirement fund is based upon the amount of employees' "annual compensation" (Retirement and Social Security Law, § 23, subd b, par 1) which, in turn, is defined as "[t]he salary or wages annually earnable by a member" (Retirement and Social Security Law, § 2, subd 2, par a). Plaintiff contends that defendant's payment of its employees' FICA obligation is "salary or wages" to its employees. If the Comptroller's interpretation of a statute for which he had administrative responsibilities is rational and supported by substantial evidence, it should be confirmed (*Matter of John P. v Whalen,* 54 NY2d 89, 95; *Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Mowry v New York State Employees' Retirement System,* 54 AD2d 1062, 1063). In statutory construction, commonly used words must be given their usual and ordinary meaning, unless it is plain from the statute that a different meaning is intended (*Matter of Bolden v Blum,* 68 AD2d 600, 602, affd 48 NY2d 946). "Wages" means "a payment usually of money for labor or services", and "salary" means "fixed compensation paid regularly for services" (Webster's New Collegiate Dictionary, pp 1305, 1012). The two words are generally used almost interchangeably, though "wages" is apt to refer to payment on an hourly or daily basis (*ibid.; Phaneuf v City of Plattsburgh,* 84 Misc 2d 70, 74, affd 50 AD2d 614). The courts have followed these definitions (see *Matter of Bateman v Mayor & Common Council of City of Mt. Vernon,* 247 NY 250, 259; *Matter of Mowry v New York State Employees' Retirement System,* 54 AD2d 1062, 1063, *supra; Phaneuf v City of Plattsburgh,* 84 Misc 2d 70, 74, *supra*). It is certainly reasonable for plaintiff to find that defendant's employee FICA payments are "fixed compensation paid regularly for services", and therefore "annual compensation" under section 23 of the Retirement and Social Security Law. Further support for plaintiff's interpretation is the fact that defendant's employees who are not participating in the Social Security program (and thus are not liable for FICA contributions of 6.13% of salary) receive instead a straight 6.13% salary increase which defendant treats as "annual compensation" in making its pension fund contributions. Moreover, not counting defendant's employee FICA pay-

ments into "annual compensation" would reduce defendant's employees' eventual pension benefits, since these benefits are based upon an employee's average annual compensation for three consecutive years of service (Retirement and Social Security Law, § 2, subd 9). Such a reduction would conflict with the policy of construing provisions of the Retirement and Social Security Law liberally (*Matter of O'Brien v Tremaine,* 285 NY 233, 238). Finally, for purposes of Federal income taxation, an employer's payment of his employees' FICA obligations are "wages" and thus "income" to the employees (US Code, tit 26, § 3401, subd [a]; 26 CFR 31.3401 [a]-1 [b] [6]). Defendant county readily concedes that it takes its employee FICA payments into account in calculating "wages" for Federal income tax withholding purposes. It is certainly not unreasonable for plaintiff to adopt Federal income tax treatment of employee FICA payments in determining what is to be considered "wages" for purposes of the State retirement plan. We do not agree with defendants' contention that the definition of "wages" for purposes of computing FICA tax (US Code, tit 26, § 3121, subd [a]) must be followed rather than the Federal income tax definition (US Code, tit 26, § 3401, subd [a]). For FICA tax calculation purposes, an employer's payments of its employees' FICA obligation used to be excluded from "wages" (former US Code, tit 26, § 3121, subd [a], par [6]). This special exemption, however, was specifically intended to prevent "pyramiding" (an endless cycle of additional wages causing additional taxes on those wages [see Rev Proc 81-48, IR Bull No. 1981-41, p 14]), a problem which would not arise in connection with determining the amount of employees' wages and salaries for purposes of the employer's contribution to the retirement system. Furthermore, since this exemption was repealed in 1980, effective for State and local governments as of January 1, 1984 (1980 Public Law 96-499, tit XI, subtit E, § 1141, subd [c]), it is no longer even a Federal formula. Defendant also argues that its employee FICA payments are analogous to the dental, health, accident, and death benefits which defendant provides for its employees and which are not included in the employees' "wages or salary". However, Federal income tax provisions specifically ex-

clude from "wages" and "income" employer payments for group term life insurance (US Code, tit 26, § 3401, subd [a], par [14]) and for accident and health plans (US Code, tit 26, § 106), but as noted above include employees' FICA payments (US Code, tit 26, § 3401, subd [a]; 26 CFR 31.3401 [a]-1 [b] [6]). Again, it is not irrational for plaintiff to follow Federal income tax treatment for this employee benefit. For all of the foregoing reasons, we find plaintiff's determination to be rational and supported by substantial evidence (see *Matter of Mowry v New York State Employees' Retirement System,* 54 AD2d 1062, 1063, *supra*), and we find that defendant's payments of its employees' FICA obligations constitute "annual compensation" within the meaning of section 2 (subd 2, par a) of the Retirement and Social Security Law.

Judgment should be rendered in favor of plaintiff, without costs.

CASEY, J. P., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Judgment rendered in favor of plaintiff, without costs.