**Louis HEIMBACH as County Executive of Orange County and the County of Orange, Plaintiffs,**

**v.**

**Edward V. REGAN, as Comptroller of the State of New York, Defendant,**

**and**

**Orange County Employees Unit, Orange County Local 836, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL–CIO, Intervenor-Defendant.**

**No. 83 Civ. 5072 (MP).**

United States District Court,
S.D. New York.

Dec. 21, 1983.

James G. Sweeney, County Atty. of Orange County by Francis D. Phillips, II, Goshen, N.Y., for plaintiffs.

Robert Abrams, Atty. Gen. of State of N.Y. by Andrea Green, Asst. Atty. Gen., New York City, for defendant.

Roemer & Featherstonhaugh by Pauline Rogers Kinsella, Albany, N.Y., for intervenor-defendant.

## OPINION AND ORDER

MILTON POLLACK, Senior District Judge.

These are motions of defendant and the intervenor for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). As shall be set forth in greater detail below, this action should be dismissed as plaintiffs lack standing to assert their claims.

By this action, plaintiffs seek to avoid the consequences of a decision entered against them by the New York Supreme Court, Appellate Division, on a matter essentially involving the interpretation of a New York State statute. Defendants herein have come forward with a motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). Intervenors in this action have brought a motion to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief may be granted as to them.

Plaintiffs are Orange County, New York, and the County Executive thereof. In 1978 and 1981, the County entered into collective bargaining agreements with the representative of its employees, intervenor herein. In both of those agreements, the County agreed to assume each employee's Federal Insurance Contribution Act (FICA), 26 U.S.C. §§ 3101–3126, contribution obligation.

Orange County participates in the New York State Employees' Retirement System. Employer contributions to the New York State Retirement Fund are based on the "annual compensation" paid by an employer to its employees. N.Y. Retire. & Soc. Sec. Law § 23(b)(1) (McKinney 1971).

Defendant Regan, Comptroller of the State of New York, and administrator of the Fund, demanded that Orange County's contributions to the Retirement Fund be based on both the wages/salaries and the employee FICA contributions paid by the County to and on behalf of its employees. When Orange County refused to make Retirement Fund contributions based in part on its payment of its employees' FICA contribution obligations, defendant instituted proceedings against plaintiffs in state court.

On January 6, 1983, the Appellate Division of the New York State Supreme Court ruled that plaintiffs' Retirement Fund contributions are to be calculated by including the amount paid by Orange County to discharge its employees' FICA contribution obligations in the "annual compensation" paid by the County to its employees. *Regan v. Heimbach*, 91 A.D.2d 71, 458 N.Y. S.2d 286 (1983). That decision was based on an interpretation of N.Y.Retire. & Soc. Sec. Law § 2(2)(a) (McKinney 1971), which defines the term "annual compensation," as it is used in § 23(b)(1). The New York Court of Appeals denied leave to appeal the case, 58 N.Y.2d 610, —— N.Y.S.2d ——, 449 N.E.2d 426 (1983), and subsequently refused to reconsider that denial, 59 N.Y.2d 969, 466 N.Y.S.2d ——, 453 N.E.2d 554 (1983).

Plaintiffs then brought an action in this court under 42 U.S.C. § 1983, claiming that the administration of the Retirement Fund so as to require Orange County to make contributions to that Fund based in part on its assumption of its employees' FICA contribution obligations violates Orange County's rights under the Equal Protection Clause of the Fourteenth Amendment and the Contracts Clause.

Defendant's motion for judgment on the pleadings asserts that plaintiffs lack standing to raise claims under § 1983; that *res judicata* principles bar litigation of plaintiffs' claims; and that the plaintiffs have failed to state a claim on which relief can be granted. The intervenor, the collective bargaining representative of plaintiffs' employees has moved to dismiss plaintiffs' action, pursuant to Fed.R.Civ.P. 12(b), on essentially the same grounds.

PLAINTIFFS' STANDING

A. Plaintiff Orange County's Standing

In *Williams v. Mayor of Baltimore*, 289 U.S. 36, 40, 53 S.Ct. 431, 432, 77 L.Ed. 1015 (1933), the Supreme Court held that a state political subdivision lacks standing to assert that a statute of the state of which it is a subdivision is invalid under the United States Constitution. Language in *Coleman v. Miller*, 307 U.S. 433, 441, 59 S.Ct. 972, 976, 83 L.Ed. 1385 (1938), appears to extend this rule to preclude any assertion by a state political subdivision that the state of which it is a component has acted toward it in a constitutionally impermissible manner:

> Being but creatures of the State, municipal corporations have no standing to invoke the contract clause or the provisions of the Fourteenth Amendment of the Constitution in opposition to the will of their creator.

The Second Circuit has interpreted *Williams* to preclude the assertion of constitutional claims against a state by one of its political subdivisions. *Aguayo v. Richardson*, 473 F.2d 1090, 1100 (2d Cir.1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). Under this standard, plaintiff Orange County, a political subdivision of the State of New York, lacks standing to assert federal constitutional claims against that state.

The Fifth Circuit has interpreted *Williams* and its progeny in a different manner. In *Rogers v. Brockette*, 588 F.2d 1057, 1070 (5th Cir.1979), *cert. denied*, 444 U.S. 827, 100 S.Ct. 52, 62 L.Ed.2d 35 (1979), the Fifth Circuit held that these cases do not bar the assertion of federal constitutional claims against a state by a state

political subdivision, but hold only that cases in which a state's internal political organization is at issue are not justiciable in federal court. Even if this standard prevailed in the Second Circuit, plaintiff Orange County would be precluded from pressing its claims against the defendant in the instant case. The heart of the plaintiffs' case concerns the relationship between the political subdivisions of New York and the New York State Comptroller with respect to the employment conditions of New York State political subdivision employees. This case is thus one concerning the political organization of New York State, and is thus non-justiciable in federal court under the *Rogers* standard.

Under both this Circuit's standard and the more liberal standard of the Fifth Circuit, plaintiff Orange County has no standing to assert its claims against defendant in this forum.

### B. Plaintiff Heimbach's Standing

In *Board of Education v. Allen,* 392 U.S. 236, 241 n. 5, 88 S.Ct. 1923, 1925 n. 5, 20 L.Ed.2d 1060 (1968), the Supreme Court held that local public officials who have taken an oath to support the U.S. Constitution have a "personal stake in the outcome of (federal constitutional) litigation"—the standing requirement set forth in *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). After *Allen,* while holding that a municipality is not competent to assert the unconstitutionality of a state statute or practice, the Second Circuit granted standing to a local public official, because he had taken an oath to support the U.S. Constitution, to assert the unconstitutionality of a state practice or statute. *Aguayo v. Richardson,* 473 F.2d 1090, 1100 (2d Cir.1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974).

However, since *Allen,* the Supreme Court has tightened standing requirements: *Baker,* in fact, was the heyday of federal court standing. *See Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Schlesinger v. Reservists to Stop the War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); *United States v. Richardson,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). The Ninth Circuit has held that, given the general tightening of federal court standing requirements, *Allen* and such interpretations of *Allen* as *Aguayo,* would not survive renewed Supreme Court scrutiny. *City of South Lake Tahoe v. California Tahoe Regional Planning Agency,* 625 F.2d 231 (9th Cir.1980). The Ninth Circuit concluded that local public officeholders enjoy no standing to assert the unconstitutionality of state laws or practices in federal court merely because they swear oaths to support the U.S. Constitution.

A Three Judge Court empanelled in the Second Circuit, *Athanson v. Grasso,* 411 F.Supp. 1153 (D.Conn., 1976), reached a conclusion similar to that of the Ninth Circuit in *City of South Lake Tahoe.* In *Athanson,* the Court held that the mere fact that city officials had taken an oath to uphold the federal Constitution did not confer upon them standing to challenge a state practice as unconstitutional. Moreover, where the only particularized injury the officials could assert was one inuring to the city and not to them personally, the officials could not seek to circumvent the bar against municipal assertion of federal constitutional claims against the state by suing "on behalf of the city" in their own names.

*Aguayo* has never expressly been overturned by the Second Circuit. The general trend in the law since *Aguayo,* as indicated by the Supreme Court and Ninth Circuit cases, would deny to Heimbach standing to assert in federal court what are essentially the barred claims of plaintiff Orange County. On this reading, this Court will dismiss this action because neither plaintiff Orange County nor plaintiff Heimbach has standing to assert constitutional claims against the State of New York.

SO ORDERED.