■ In the Matter of TERENCE SHAMES, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller

which denied petitioner's request for a redetermination of his retirement status.

Petitioner, formerly Chief of Police of the Village of Scarsdale in Westchester County, received some $5,830.86 for overtime work performed in 1983. Upon his retirement, effective June 1, 1984, petitioner was notified by respondent State Policemen's and Firemen's Retirement System (hereinafter the System) that the 1983 overtime compensation would not be calculated as part of his final average salary for retirement pay purposes because (1) the village did not make the payments pursuant to a comprehensive overtime plan as required by General Municipal Law § 90, and (2) the overtime compensation was paid in anticipation of retirement and thus disallowable for retirement pay purposes pursuant to Retirement and Social Security Law § 431. Following adverse administrative review, petitioner commenced the instant CPLR article 78 proceeding seeking annulment of respondent Comptroller's disallowance of the overtime payments. We now confirm.

General Municipal Law § 90 authorizes the implementation of procedures by ordinance, local law, resolution or rule for the payment of overtime compensation by political subdivisions of the State to public officers and public employees, and mandates that such payments be considered as salary for the purposes of any pension or retirement system. However, the foregoing provision is strictly construed (Matter of Murray v Levitt, 47 AD2d 267, 269, lv denied 37 NY2d 707) and overtime payments are not duly authorized or considered as salary within the meaning of General Municipal Law § 90 unless paid pursuant to "an overtime plan setting forth in detail the terms, conditions and remuneration for such employment" (id. [emphasis supplied]; see, Matter of Mowry v New York State Employees' Retirement Sys., 54 AD2d 1062, 1063). The record here amply supports the Comptroller's determination that the village did not have any such plan in effect which encompassed petitioner's overtime work while he was employed as Chief of Police.

Documentation submitted at the hearing established that the Village Manager, upon being notified of petitioner's pending retirement, requested that petitioner first undertake and complete several projects. The Manager instructed petitioner to do the work on either a daily or overtime basis, and testified that he was empowered by local village law to authorize overtime work by the Chief of Police. However, Local Laws, 1966, No. 3 of Village of Scarsdale, § 1, relied upon by the Manager, merely provides for the employment of person-

nel by the Manager. It does not set out any procedure for the regulation of overtime. In fact, the Manager submitted a letter to the System and testified at the hearing that the village did not have a comprehensive overtime plan and that there was no village ordinance, statute, enactment or specific procedure for the regulation of the performance of overtime by the Village's Chief of Police. He stated that the arrangement with petitioner was ad hoc; the number of overtime hours to be worked and the compensation therefor were not established prior to the authorization of the work, but were determined by petitioner. In effect, petitioner, who as Chief of Police was admittedly on call 24 hours a day, seven days a week, was given the discretion to decide if, when and to what extent he would perform the projects on an overtime basis. This is precisely the type of arrangement which we have previously held unavailing for purposes of inclusion as overtime payments in retirement benefit calculations (see, Matter of Murray v Levitt, supra; Matter of Mowry v New York State Employees' Retirement Sys., supra).

Since we have concluded that petitioner's overtime compensation was not authorized pursuant to a comprehensive plan and thus could not be used pursuant to General Municipal Law § 90 for purposes of calculating his final average salary, we need not consider whether the payments were made in contemplation of retirement and thus also disallowable pursuant to Retirement and Social Security Law § 431.

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.