■ In the Matter of PAUL A. MARTINEAU, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [629 NYS2d 530] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for a redetermination of his final average salary made for purposes of calculating retirement benefits.

Petitioner was employed as a Village Attorney for the Village of Pleasantville, Westchester County, from 1968 through 1991. He received a fixed base salary from which taxes and Social Security payments were deducted for all services other than litigation. When required to perform litigation services, he submitted a voucher subsequent to each litigation. Payment upon these vouchers was made with neither taxes nor Social Security payments deducted.

As a Village Attorney, petitioner became a member of the New York State and Local Employees' Retirement System. The Village reported petitioner's annual salary to the Retirement System each year but did not report compensation received for litigation-related services. During petitioner's employment, he was consistently informed by the Village that the litigation-related compensation would not be included in its report of his annual salary to the Retirement System. Petitioner received notices from the Retirement System which reflected the amount paid into the system.

In November 1991, petitioner notified the Retirement System that he intended to retire. At such time, he requested that both his base salary and litigation-related compensation be used to compute his final average salary. The Retirement System concluded, based on its investigation, that only petitioner's fixed salary would be considered. Petitioner requested a redetermination and a hearing was held. Respondent Comptroller, upon review of the evidence adduced at the hearing, denied petitioner's request, finding that the litigation-related compensation was a form of special payment which were not a part of his salaried employment as Village Attorney. Petitioner thereafter initiated this CPLR article 78 proceeding.

Based upon our review of the record, we find that there is substantial evidence to support respondent's determination that petitioner's litigation-related compensation was properly excluded from his final base salary (see, Matter of Mowry v New York State Empls. Retirement Sys., 54 AD2d 1062; see also, Abbatiello v Regan, 205 AD2d 1027, lv denied 84 NY2d 808; Matter of Moore v Levitt, 74 AD2d 971). Petitioner was reappointed each year by resolution of the Board of Trustees of the Village. At such time, his compensation was determined and the Village budget reflected such amount. While paid a fixed salary regardless of the hours worked, with respect to litigation services petitioner was paid an hourly rate and was reimbursed through the voucher system. In light of the election chosen by the Village to treat the provision of litigation services as falling outside the scope of petitioner's regularly salaried employment (see, 1980 Opns St Comp No. 80-792, at 221), we find that the determination of the State Comptroller not to include such amount for retirement services to be rationally based and fully supported by the record.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.