FLOYD B. KEITH, JR., as Administrator of the Estate of F. ELIZABETH KEITH, Deceased, et al., Respondents, v. NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered December 3, 1973 in Delaware County, which denied a motion by the defendant to dismiss the complaint. The plaintiff's deceased's wife had been employed as a teacher in the public schools of Delhi, New York and was a member of the New York State Teachers' Retirement System. In April of 1971 the decedent unsuccessfully underwent surgery for the removal of a cancerous growth. Although she returned to work in the fall of 1971 and continued to teach through June of 1972, the decedent still suffered from cancer. In September of 1972 the decedent was physically unable to return to her teaching position and utilized her accrued sick leave. Consequently, the decedent applied to the defendant for disability retirement benefits in October of 1972. However, such application was rejected since it was untimely filed. The decedent was then advised that she was eligible to apply for service retirement as of November 15, 1972, on which date the decedent would be 55 years old. In November of 1972 the decedent applied for her permanent service retirement benefits, selecting the maximum allowance rather than any of the optional forms of payment, and specifying that she wished her retirement to be effective on November 1, 1972. Under the maximum allowance provision, she would receive, while living, the largest possible annual allowance, with no

further payments after her death. In making this decision, it is alleged, the decedent did not read the application form, but rather indicated to the plaintiff that she desired to "take all we can get" and then signed the form after the plaintiff had made the specified designation of benefits. The decedent was advised by the retirement system on November 21, 1972 that proof of the decedent's date of birth was required to be submitted, although the communication indicated that the effective date of retirement would be December 16, 1972. A proper source of proof of birth date was never submitted. On January 23, 1973, the decedent was notified that her application could not be "finalized" until an acceptable proof of her birth date was submitted, a document from a charitable association having been previously rejected as inadequate. In addition, the decedent was informed that the necessary data from her school superintendent had not yet been received by the retirement system. Nevertheless, the decedent received a retirement check on January 31, 1973. On that same date the plaintiff returned the check to the defendant and indicated that his wife "would now like to select Option ONE, if she really is eligible for retirement." Under Option ONE, a smaller benefit is payable, but if the retiree dies before the total reserve has been exhausted, the balance is payable in a lump sum to a designated beneficiary. The plaintiff's wife died on February 3, 1973. This fact was communicated to the defendant who, on February 7, 1973, advised the plaintiff that no further benefits would become payable to anyone after the decedent's death. There was apparently no further communication between the parties until the plaintiff, as administrator of his wife's estate, commenced this action in August of 1973 for a declaratory judgment setting forth three causes of action, seeking (1) a determination that the decedent was never actually accepted as a retiree by the defendant and thus died while still within the employ of the Board of Education; (2) a determination that the decedent had validly elected Option ONE, or (3) a determination that the retirement contract should be revoked due to the mental incapacity and incompetency of the decedent at the time the application was submitted. Defendant moved pursuant to CPLR 3211 to dismiss the complaint for failure to state a cause of action, and because the action should have been commenced as an article 78 proceeding which was barred by the four-month Statute of Limitations (CPLR 217). Plaintiff, in his first cause of action, contends that since the defendant stated that decedent's application could not be finalized without proper proof of her date of birth, and because, as it is further contended, decedent revoked her application for retirement benefits on January 31, 1973, it must be concluded that decedent had not retired on the date of her death.[1] We do not agree. Firstly, the communication of January 31, 1973 only requested a change in the form of option, and no other facts have been alleged tending to support the conclusion of a revocation of decedent's application. Clearly, she could not have sought a change in retirement benefits if she was not to retire, even if she had sent the letter herself. Secondly, we do not agree that on all the undisputed facts shown, the defendant's notification that the application could not be "finalized" was intended to postpone its effectiveness. In the first place, defendant did not dispute decedent's date of birth, but merely sought verification thereof, apparently for internal administrative purposes which in no way affected decedent's rights. Her eligibility for retirement as of 30 days after November 15, 1972 (see Education Law, § 535, subd. 1), was not contested. The transmittal to decedent of her first benefit check in

1. If decedent had not retired on the date of her death, her benefits would be determinable pursuant to section 512 of the Education Law.

January, 1973, when this information had still not been received, conclusively establishes that her retirement had in fact become effective prior to January 31, 1973, the date of plaintiff's first correspondence with defendant purportedly on his wife's behalf. In her application, dated November 15, 1972, the date on which plaintiff became 55 years of age so as to qualify for retirement, she indicated a desire to have her retirement commence on November 1, 1972. Under the statute (Education Law, § 535, subd. 1), retirement shall become effective on the date specified in a retiree's duly filed application provided such date is not less than 30 nor more than 90 days subsequent to the date of filing. Since decedent's request to retire November 1 could not be granted, defendant did the next best thing by effectuating her retirement on the earliest date possible — December 16, 1973, or 30 days after her application had been filed. The fact that decedent was notified of this fact in the same letter which requested proof of her birth date, as well as payment of the first monthly benefit prior to receipt of such proof, compels the conclusion that, as of the date of her death, decedent's retirement was effective notwithstanding that her application had not been finalized. The first cause of action should, therefore, have been dismissed. The second cause of action should have also been dismissed. Although it is alleged in the complaint that, on January 31, 1973, decedent elected Option ONE, it is not disputed that the decedent herself played no part in this affair, but rather plaintiff wrote the letter of that date purportedly requesting the change in option on decedent's behalf. However, the complaint contains no allegations tending to establish plaintiff's status as decedent's agent, and the mere fact of the marital status does not establish such authority. Thus, the complaint failed to state a cause of action. Furthermore, even if the necessary allegations were present, the second cause of action was not, in our view, properly brought as a declaratory judgment action. Since plaintiff's assertion was that Option ONE had in fact been validly elected, the appropriate procedure would have been a demand for payment pursuant to that option. When plaintiff was notified on February 7, 1973 that no further payments would be made, which he does not dispute, he was, in effect, notified of defendant's rejection of his demand. Within four months thereof, plaintiff should have commenced a proceeding under article 78 to compel performance of a duty allegedly enjoined upon the defendant by law.[2] Plaintiff has made no showing as to why article 78 would not have been an appropriate remedy on his second cause of action as heretofore demonstrated, and he should not be permitted to circumvent the Statute of Limitations by categorizing his action as one for declaratory judgment (cf. *Lade* v. *Levitt*, 33 A D 2d 956). This brings us to consideration of plaintiff's third cause of action, which seeks a declaration of nullity of decedent's retirement application on the ground that, due to her illness, she was mentally incompetent and therefore unable to contract in November and December of 1972. In *Ortelere* v. *Teachers' Retirement Bd. of City of N. Y.* (25 N Y 2d 196), a declaratory judgment action to nullify an application for retirement benefits was entertained where it was alleged that the retiree was mentally incompetent at the time she had applied to exercise her contractual rights. Special Term found in the case at bar that the principles enunciated in *Ortelere* were applicable, but defendant urges that the holding of the Court of Appeals in that case requires a showing that defendant had reason to know of the retiree's mental condition at the time it accepted the application before that application could

---

2. Even if the procedure is designated as one to review a determination of a body or officer, plaintiff was advised of this determination on February 7, 1973. A proceeding would still have to have been instituted within four months thereof.

be voided. This rule was taken from the Restatement 2d, Contracts, and the Court of Appeals referred without disapproval to the remainder of that rule, which states that, where the other party was without knowledge of the contractor's mental illness, "'The power of avoidance * * * terminates to the extent that the contract has been so performed in whole or in part or the circumstances have so changed that avoidance would be inequitable. In such a case a court may grant relief on such equitable terms as the situation requires.' (Restatement, 2d, Contracts, *supra*, § 18C, subd. [2].)" (25 N Y 2d, 196, 205, *supra*.) We are of the view that, under this formulation, plaintiff must still be permitted to put in proof of his wife's mental condition and to show that nullification would not be inequitable. As the Court of Appeals stated in *Ortelere,* the special relationship between the retirement system and its members should not be ignored. "The nature of the system and its announced goal is the protection of its members and those in whom its members have an interest. It is not a sound scheme which would permit [many] years of contribution and participation in the system to be nullified by a one-instant act committed by one [who is] mentally ill." (25 N Y 2d 196, 205–206, *supra*.) Of course, in the event of a verdict in plaintiff's favor, the relief granted must take into account the payment that has been made. The third cause of action must, therefore, proceed to trial. Order modified, on the law and the facts, by granting defendant's motion to dismiss the first and second causes of action, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Main, JJ., concur.