(November 3, 1977)

■ VIRGINIA M. McCARTHY, as Administratrix of the Estate of CHARLES E. McCARTHY, Deceased, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's request for benefits as the beneficiary of a deceased retiree. Petitioner's husband suffered a stroke on December 20, 1968, while in State service. The record shows that he was totally incapacitated by the stroke, but no committee was ever appointed. The employee died on July 28, 1969 without ever having retired. Petitioner contends that she received advice by a personnel officer of the Department of Transportation to the effect that she should wait until her husband's sick pay allowance and vacation time were exhausted before retiring her husband, and that this negligent advice precluded her from timely retiring her husband. She also argues that she is entitled to retire her husband and choose a retirement option by reason of her husband's incompetence. As for petitioner's claim of negligent counsel, the record evidences a sharp conflict between the testimony of petitioner and the personnel director. We confirm so much of the respondent's determination that rests upon an acceptance of the personnel director's testimony, since the Comptroller is entitled to credit that testimony without interference by the courts *(Matter of Stork Rest. v Boland,* 282 NY 256, 267). The version which respondent adopted received

support in the record, satisfying the substantial evidence test. Petitioner's failure to file for retirement benefits while her husband lived precludes any consideration of her entitlement to benefits. While *Ortelere v Teachers' Retirement Bd. of City of N. Y.* (25 NY2d 196) holds that the affirmative acts of an incompetent may be voided under certain circumstances, it would be a dangerous precedent to grant benefits to an incompetent who failed to act, and to allow a beneficiary who also failed to take action to thereby gain by that inaction. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.