■ In the Matter of ELSA V. A. NUTT, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court

at Special Term, entered in Albany County) to annul a determination of the Comptroller which denied petitioner benefits pursuant to section 75-g of the Retirement and Social Security Law. Petitioner's employment as a cook with the Cassadaga Valley School System (Cassadaga Valley) commenced September 1, 1951. She became a member of the New York State Employees' Retirement System (System) on January 17, 1956 and purchased credit in the System for her prior years of employment with Cassadaga Valley. Petitioner, since 1951, worked in a school cafeteria from the first day after Labor Day in September until the latter part of June each year. She was off during the summer months until the beginning of the new school year. In the 1975-1976 school year an austerity budget caused the Cassadaga Valley cafeterias to be closed for financial reasons until October 6, 1975. Thus, petitioner received no pay for the month of September, 1975, and did not commence her employment that year until October 6. In July, 1975, petitioner sent a form request to the System for information as to the approximate amount of her retirement allowance were she to retire effective October 1, 1976. The System, in a written reply in September, 1975, advised her of the estimated amount she would receive calculated on 301 months of member service credit under section 75-g of the Retirement and Social Security Law. On May 3, 1976, petitioner filed an application with Mr. House, the assistant chief school administrator of Cassadaga Valley, for retirement effective June 26, 1976. Mr. House had indicated to her that she had 25 years of service with the System (300 months) and had advised her to retire at the end of the school year, June 26, 1976. Thereafter, in a letter dated September 20, 1976, the System informed her that she was being credited with 299 months of member service and that she was eligible for benefits under section 75-e. Retirement under section 75-e of the Retirement and Social Security Law provides less benefits than under section 75-g. An employee must have 25 or more years of total member service credits to qualify for section 75-g retirement benefits. Petitioner, through her counsel, requested that she be granted retirement benefits pursuant to section 75-g. This request was denied. A hearing was held on June 16, 1977, and thereafter the Comptroller denied petitioner's application for service retirement based on 25 years of service credit. This article 78 proceeding ensued. Petitioner, in this proceeding, maintains that she has earned the required 25 years of member service since she is entitled to receive service credit for the two months of summer vacation, July and August, 1976, and for the first month of the school year—September, 1975. We agree with petitioner that she is entitled to service credit for her summer vacation time for the school year 1975-1976. However, we reject her claim that she is entitled to service credit for the month of September, 1975. When petitioner retired on June 26, 1976, the System credited her with 24 years, 10 months and 18 days of member service credit. In accord with the regulations, this was rounded off to 299 months. However, this computation includes credit for two months and three days of unused sick leave. Section 41 (subd j, par 1, cl [b]) of the Retirement and Social Security Law provides that unused sick leave cannot "be considered in meeting any service * * * requirements prescribed in this chapter". Thus, petitioner can only be credited with 24 years, 8 months and 15 days of service for the period of September 1, 1951 to June 26, 1976, for the purpose of determining her eligibility for benefits pursuant to section 75-g. Petitioner's contention that she should have been entitled to designate September 1, 1976 as her retirement date is correct. She should receive service credit for July and August, an increase of two months and five days. Petitioner regularly worked a 10-month year from

September until a date very near the end of June and was not required to perform any services for her employer during the remaining summer months. She is thus entitled to designate September 1, 1976 as her effective retirement date *(Bird v New York State Employees' Retirement System,* 61 AD2d 879). Nevertheless, even with the additional credit for her vacation time (June 26 through August 31, 1976), her total service credit would be 24 years, 10 months and 20 days, which rounded off is 299 months, still one month short of the required 25 years. Petitioner argues that she is entitled to credit for the one-month austerity budget period (September, 1975) through the device of considering that month as a leave of absence without pay under section 41 (subd i, par 1, cl [d]) of the Retirement and Social Security Law. Her argument is without merit. In order for a person to receive service credit, for the purpose of computing retirement benefits, for a leave of absence without pay, approval of the Comptroller and the head of the department must be obtained at the time the leave is granted (Retirement and Social Security Law, § 41, subd i, par 1, cl [b]). This requirement is not a mere formality which may be waived or excused *(Matter of Leap v Levitt,* 57 AD2d 1021). Subdivision b of section 41 of the Retirement and Social Security Law defines the type of service for which an employee may receive service credit. It is the duty of the Comptroller, as the officer responsible for administering the Retirement and Social Security Law, to determine the construction of its terms in the first instance *(Matter of Levene v Levitt,* 63 AD2d 787, 788). If the Comptroller's construction of the statute is not irrational or unreasonable, it should be upheld by the courts *(Matter of Howard v Wyman,* 28 NY2d 434, 438). The determination of the Comptroller herein, insofar as it denies petitioner service credit for the month of September, 1975, cannot be said to be irrational or unreasonable. It, therefore, should not be disturbed. Petitioner's contention that the Comptroller should be estopped from denying retirement benefits to petitioner under section 75-g of the Retirement and Social Security Law must be rejected. "The doctrine of estoppel will not reach so far as to hold [one eligible for retirement benefits] where by statute, he clearly does not qualify" *(Matter of Boudreau v Levitt,* 67 AD2d 1053, mot for lv to app den 47 NY2d 706). Petitioner further argues that the Comptroller, as trustee of the retirement fund, has an affirmative duty to make the members aware of the benefits and insure that they receive the best possible entitlement. Any such duty, of course, is tempered by the bounds of reasonableness and the primary duty of preservation of the fund. The Comptroller must be assured that the individual seeking service credit has a legitimate claim thereto in order to insure the continuing strength and soundness of the fund *(Matter of Leap v Levitt, supra,* p 1022). Moreover, where, as here, petitioner did not request from the System advance information relating to her retirement as of the effective date of June 26, 1976, she could not have reasonably expected that information from the System. To require the System to inform every applicant of the effect of their retirement date as indicated on their application in the absence of any request therefor before accepting said application would impose an unreasonable burden on the System (see *Matter of Levene v Levitt, supra,* p 789). We do not reach petitioner's contention that 2 NYCRR 315.2 violates the equal protection clauses of the State and Federal Constitutions since the issue was not raised in her petition. Based upon the foregoing analysis, we conclude that while the Comptroller's ultimate determination denying petitioner's application for service retirement on the basis of 25 years of service should not be disturbed, the inclusion of unused sick leave and the exclusion of July and

August, 1976 in the calculation of service credit for the purposes of determining petitioner's eligibility for retirement under section 75-g was irrational. We note, however, that the exclusion of unused sick leave is solely for the purpose of determining whether petitioner meets the service credit requirements of section 75-g and does not affect its use in calculating benefits. Determination modified, by annulling so much thereof as concluded that the calculation of service credit by the Retirement System was correct and by remitting to the Comptroller for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.