■ In the Matter of ROBERT F. BURNS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. (And Three Other Proceedings.) — Proceedings pursuant to CPLR article 78 (transferred to this court by orders of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioners' applications to credit their membership in the New York State Retirement System with their prior service as members of the New York City Police Department Retirement System. All of the above-entitled proceedings present a common issue on this appeal. Petitioners were former New York City police officers and members of the police department pension plan. At various times between 1955 and 1964, and before the State "takeover" of the court system, they switched their employment and became court officers and members of the New York City Retirement System. They now contend that due to the erroneous advice given them by the police department retirement system, the New York City Employees' Retirement System and the personnel departments of some of the courts to the effect that they could not transfer their police pension credit to the New York City Employees' Retirement System after becoming members of the latter system, they all terminated their membership in the police pension system and withdrew their contributions. On April 1, 1977,

pursuant to section 39 of the Judiciary Law, the State assumed the financial responsibility of all the courts of the State. Under paragraph (a) of subdivision 9 of that section, all court employees became members of the New York State Employees' Retirement System, except those who specifically elected to continue in the New York City Employees' Retirement System, provided such election was made no later than 90 days from the effective date of the statute. .Petitioners contend that they would have been entitled to higher benefits if they had elected to remain in the city system, but opted for the State retirement system when they were told by State pension representatives at an informational meeting, held just prior to the State "takeover", that they would be able to obtain credit for their police department service if they joined the State system. Before making his election, petitioner Burns wrote a letter to the State retirement system inquiring whether he would be able to obtain his police department service credit, and was told in an answering letter dated March 7, 1977, signed by the then director of the State retirement systems information services, that "[y]ou would be given an opportunity to claim both your previously withdrawn service from the New York City Employees' Retirement System and your withdrawn service from the New York City Policemen's and Firemen's Retirement System". Petitioners allege that in reliance on this information, they exercised their irrevocable option to join the New York State Employees' Retirement System. After joining the State system, the request of petitioners to transfer their police service credits was denied. The letter of denial, dated May 23, 1978, addressed to petitioner Burns, advised him that he should have been able to transfer his membership from the police pension fund to the New York City Employees' Retirement System in 1958 at the time of his change of position, but that his failure to do so and his withdrawal of his contributions on May 16, 1960 from the police fund prohibited him now from obtaining credit for his police service in the New York State Employees' Retirement System. The other petitioners' requests similarly were denied. Petitioners then demanded and received a hearing pursuant to section 74 of the Retirement and Social Security Law. The hearing officers concluded that (1) each petitioner had withdrawn his membership in the police pension system prior to joining the New York State Employees' Retirement System; (2) petitioners were not substantially prejudiced by the statements or actions of the retirement system; (3) there was no act which negligently or wrongfully induced reliance to petitioners' detriment; and (4) any wrongful advice or action by the Comptroller's employees cannot estop the Comptroller from correcting an error upon discovery. Accordingly, each application was denied. These findings of fact and conclusions of law were confirmed by the Comptroller and petitioners instituted these article 78 proceedings to challenge the determinations. Subdivision a of section 43 of the Retirement and Social Security Law provides relevantly that "any member of any retirement system maintained by the state or a municipality thereof * * * may transfer his membership pursuant to this section to the New York state employees' retirement system". The Comptroller interprets this provision to mean that only the retirement credits of the system from which the immediate transfer is made may be applied to the member entering the State system. Therefore, he concluded that inasmuch as petitioners were not members of the police officers' pension plan at the time of their transfer to the New York State Employees' Retirement System, they are not entitled to retirement credit for the benefits that accrued under the police officers' plan. As it is the responsibility of the Comptroller to interpret and apply this statute (*Matter of Levene v Levitt,* 63 AD2d 787), his interpretation must be upheld if it is not irrational or unreasonable (*Matter of Howard v Wyman,* 28 NY2d 434, 438). It is undisputed

herein that petitioners terminated their membership in the police pension system during the time they were members of the New York City Employees' Retirement System. To allow them now to repurchase their credits from the police system would violate section 41 (subd b, par 6) of the Retirement and Social Security Law, which states, in part, that "[n]o credit shall be allowed for service if, but for the member's failure to avail himself of the privilege of transfer within the time and in the manner provided in section forty-three of this article, credit for such service could have been obtained upon transfer from another retirement system pursuant to such section". Petitioners complain that they would have transferred their credits from the police pension fund to the New York City Employees' Retirement System, except for the improper advice they received at the time of their transfers. The fact remains, however, that petitioners elected to rely on this advice at the time and voluntarily withdrew their contributions from the police pension system, thus terminating their credit rights in that system (*Nussbaum v New York City Employees' Retirement System,* 53 NY2d 1018). Unfortunately, they neglected to pursue any court proceeding to have their transfer credit rights determined at that time and now such proceeding would be untimely. Petitioners' further contention that the State and the Comptroller should be estopped from denying them credit in the New York State Employees' Retirement System for their police service time because certain State employees misinformed them when they were required to elect to stay in the city retirement system or become members of the State retirement system and that they relied on this misinformation to their detriment, must likewise be rejected. The doctrine of estoppel will not provide eligibility where by statute a person clearly does not qualify (*Matter of Nutt v New York State Employees' Retirement System,* 72 AD2d 898, 900). Furthermore, even if the advice of the administrative employees was erroneous as petitioners claim, respondent would not be estopped by it (*Matter of Newcomb v New York State Teachers' Retirement System,* 36 NY2d 953; *Matter of Zucker v New York City Employees' Retirement System,* 27 AD2d 207, affd 21 NY2d 904). Therefore, the determinations are neither arbitrary nor capricious, are supported by substantial evidence, and should be confirmed. Determinations confirmed, and petitions dismissed, without costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.