■ In the Matter of WILLIAM O'NEILL, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for additional retirement service credit under the provisions of the Laws of 1983 (ch 17).

The undisputed facts are as follows. Petitioner has been an employee of the State of New York and a member of the State Employees' Retirement System since 1962. Petitioner reached 55 years of age on January 9, 1983 and thus was eligible for retirement on that date. The Laws of 1983 (ch 17) provided, inter alia, that any State employee eligible for service retirement, who applied for retirement effective between March 1, 1983 and May 31, 1983, would be entitled to receive an additional three years of retirement service credit. Pursuant to the Laws of 1983 (ch 17), petitioner filed an application for retirement on May 2, 1983.

Prior to filing this application, however, petitioner had been served with disciplinary charges by his employer, the State Department of Health. By letter dated May 17, 1983, petitioner notified the Retirement System that: "circumstances have changed and I will not be in any position to retire under the incentive program on 5/31/83. Please remove my application for retirement." The disciplinary proceedings against petitioner were concluded by a stipulation of settlement, dated August 16, 1983, withdrawing the notice of discipline in its entirety and reinstating petitioner to his employment with back pay.

By letter dated October 17, 1983, petitioner resubmitted his retirement application, together with a request for the three-year additional service credit provided for in the Laws of 1983 (ch 17). Although his application for retirement was accepted, petitioner was advised that he was not eligible for the additional three years' credit, since the effective date of his retirement did not fall between March 1, 1983 and May 31, 1983. Petitioner protested this determination and, following a hearing, petitioner's application for additional retirement service credit was denied. This transferred CPLR article 78 proceeding to challenge that determination ensued.

Petitioner contends that because he was entitled to the additional retirement service credit at the time of his initial application, and since he was not advised that by withdrawing the application he would lose the additional service credit, respondent is estopped to deny the additional credit on his resubmitted application. This contention must be rejected.

We have repeatedly held that the doctrine of estoppel does not "provide eligibility where by statute a person clearly does not qualify" *(Matter of Burns v Regan,* 87 AD2d 944, 946, *appeal dismissed* 57 NY2d 954; *see also, Matter of Nutt v New York State Employees' Retirement Sys.,* 72 AD2d 898, 900). By the clear terms of the Laws of 1983 (ch 17), the additional three years of retirement service credit would apply only to those who retired between March 1, 1983 and May 31, 1983. Petitioner did not retire within this period and thus was not eligible for the additional service credit.

Moreover, there is no claim that erroneous advice was given to petitioner by a representative of the Retirement System. Rather, petitioner contends that the Retirement System was under an affirmative duty to inform him, at the time he withdrew his application, that he would not qualify for additional credit if he retired after May 31, 1983. No such duty exists *(Matter of Nutt v New York State Employees' Retirement Sys., supra,* p 900).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.