OPINION OF THE COURT
David B. Saxe, J.
Defendants Abrams and Regan, as Attorney-General and *816 Comptroller as well as Administrator of the New York State Employees’ Retirement System (NYSERS), respectively, move, pursuant to CPLR 3212, for summary judgment dismissing the complaint as to them (designated here as State defendants). Defendants City of New York, the New York City Employees’ Retirement System (NYCERS), trustees and Executive Director Harold E. Herkommer, Police Pension Fund Article 2, cross-move pursuant to CPLR 3212 for similar relief (designated here as city defendants). The plaintiff opposes and cross-moves for summary judgment as well.
This is a declaratory judgment action in which plaintiff as widow and designated beneficiary of her decedent husband Peter C. Kilcommons, a member of NYSERS at the time of his death on January 29, 1984, seeks to be included in the payment of increased benefits provided by Laws of 1984 (ch 772) (later codified as Retirement and Social Security Law § 43 [i]) which became effective on August 3, 1984.
The statute provides: "(i) Notwithstanding any inconsistent provision of law, any member of the New York state employees’ retirement system who was transferred to that system from the New York city employees’ retirement system pursuant to section two of chapter nine hundred seventy-six of the laws of nineteen hundred seventy-six and who at any time prior to becoming a member of the New York city employees’ retirement system, had been a member of another retirement system and would have been entitled to transfer service credit from that other retirement system to the New York city employees’ retirement system pursuant to this section, had he made a timely election to make such a transfer in the manner set forth in this section, may, notwithstanding the failure to make timely election under this section, transfer the service credit under such other retirement system to the state employees’ retirement system if on or before March thirty-first, nineteen hundred eighty-five, such member files a written request for such transfer with the state comptroller and with the administrative head of such other retirement system and if such member deposits in the state employees’ retirement system an amount equal to any contributions withdrawn from the system of which he had been a member prior to becoming a member of the New York city employees’ retirement system, with regular interest.” (Retirement and Social Security Law § 43 [i].)
The parties agree that no material issue of fact exists in this action, but only questions of law regarding the meaning *817 and constitutionality of the applicable statutory provisions under which each defendant, State and city, exonerated its respective obligation to plaintiffs decedent, and, incidentally, to her.
Peter Kilcommons was a court officer in the New York State Supreme Court when he died on January 29, 1984, and on that date he was on active service, a member of the NYSERS retirement plan and had designated plaintiff as his beneficiary.
As Peter Kilcommons’ beneficiary, plaintiff was paid $291,363.08 on April 24, 1984. The sum was computed by NYSERS to be full payment of the death benefit, including credit for the entire continuum of plaintiffs decedent’s public service during which several retirement plans had application.
The relevant periods commenced on February 24, 1942, when plaintiffs decedent was appointed a conductor with the New York City Board of Transportation and became a member of NYCERS on August 24, 1942.
From September 3, 1942 until May 31, 1946 he was on military active duty and on leave of absence without pay from that city position.
On May 31, 1946, upon his discharge from military service, he resigned his position with the Board of Transportation and was appointed a patrolman with the New York City Police Department on June 1, 1946, in which department he was employed until February 28, 1958.
No transfer of membership credit was made from NYCERS to the Police Pension Fund in this job transition and, consequently, decedent’s NYCERS membership terminated on May 31, 1951 at the expiration of five years from the severance from "city service” within the meaning of subdivision (3) of section B3-1.0 (now § 13-101) of the Administrative Code of the City of New York.
On March 1, 1958, decedent became a court attendant with the New York State Supreme Court and on August 5, 1958, became a member of NYCERS for the second time.
No transfer of prior membership was made from the Police Pension Fund to NYCERS by decedent and he withdrew his contributions.
On April 1, 1977 decedent became a New York State employee on the assumption of the State of the operation of the courts and, concomitantly, a member of the State retirement system (NYSERS) in the absence of his election pursuant to *818 section 39 of the Judiciary Law to remain a member of NYCERS.
In January 1978, the Board of Trustees of NYCERS adopted a resolution pursuant to Laws of 1976 (ch 966), directing transfer of reserves to the State system (NYSERS) of decedent’s service credit for 18.66 years of service as a court officer between the dates August 5, 1958, when decedent joined NYCERS for the second time, and March 31, 1977, when the advent of State administration of the courts changed the payroll status from city to State employment and decedent did not elect to remain in the city retirement plan.
No prior NYCERS, Police Pension Fund credit or military service credit was included in the computation of 18.66 years’ credit transferred by the trustees to NYSERS in January 1978.
By letter dated April 11, 1978 decedent requested that credit for his time as a New York City employee from February 24, 1942, through February 28, 1958, be assigned to his State or NYSERS membership.
NYSERS conceded only the time served in the Board of Transportation from February 24, 1942, until August 24, 1942, as amenable to "buy back” and credit and denied decedent’s eligibility for credit for "police time.”
An administrative hearing was requested and held pursuant to Retirement and Social Security Law § 74. By decision and order dated April 27, 1981, NYSERS denied the request. This decision denying police time credit was the subject of CPLR article 78 review (Kilcommons v Regan, index No. 9360/81, Sup Ct, Albany County) and upon consolidation with 34 similar petitions, captioned Matter of Burns v Regan (87 AD2d 944, appeals dismissed 57 NY2d 954), the court held that decedent could not obtain the requested credit from NYSERS for time in the Police Pension Fund, since he could have transferred such credit when he became a court officer, but elected instead to withdraw his contributions.
The court held that the Comptroller acted properly under Retirement and Social Security Law § 43 in denying the claim and that finding was affirmed by the Appellate Division and the Court of Appeals denied further review.
As previously indicated, plaintiff’s decedent died on January 29, 1984 while still in active service, and upon her application as beneficiary the death benefit was paid on April 24, 1984, as a full payment, computed on the basis of service by the *819 member which had been adjudicated to be entitled to consideration as of that date.
Retirement and Social Security Law § 43 (i), reproduced in pertinent part above, became effective on August 3, 1984, six months after decedent’s death, an event which indisputably terminated his membership in NYSERS (Retirement and Social Security Law § 40 [f] [2]).
On January 23, 1985, plaintiff attempted to file an election provided for in Retirement and Social Security Law § 43 (i) to file for transfer of her decedent’s "police time” for additional retirement credit.
The application was rejected by letter dated March 4, 1985 by NYSERS on the stated grounds that Retirement and Social Security Law § 43 (i) has application only to members not beneficiaries.
A subsequent Federal action commenced in July 1985 by plaintiff (Kilcommons v New York State Employees’ Retirement Sys., 85 Civ 4945) was dismissed without prejudice to commencement of the instant State suit challenging the constitutionality of Retirement and Social Security Law § 43 (i).
At the outset, the argument by State defendants that plaintiff’s claim should be dismissed for failure to pursue her administrative remedy upon notification of rejection of her election is inapposite in light of the issue of constitutionality and applicability of the statute (see, Namro Holding Corp. v City of New York, 17 AD2d 431).
In brief, the only issue before this court is whether the determination of the State defendants, that Retirement and Social Security Law § 43 (i) has no application to plaintiff as a beneficiary filing for the remedy codified, is an unconstitutional denial of right.
State defendants adopt the position that the statute passed after plaintiff’s decedent’s death and after final payment had been made is, by its clear terms, exclusive of plaintiff’s claim. City defendants for their part maintain that plaintiff’s decedent relinquished the basis of any claim as stated by plaintiff, by not transferring NYCERS credit in 1947 to the Police Pension Fund in compliance with Military Law § 243 (20), and by failing to transfer any credit in the Police Pension Fund to NYCERS in 1958. The city concludes that the plaintiff’s decedent was cut off from eligibility by laches, and that any allegation of wrongful acts by the city with regard to this were resolved by the Burns case (supra), collaterally estopping *820 plaintiff from relitigating the issue (cf., Matter of Martin v Ronan, 44 NY2d 374).
Both defendants’ arguments are compelling and, taken with the unambiguous language of Retirement and Social Security Law § 43 (i) defining the parameters for eligibility, militate against the maintenance of plaintiff’s claim.
Plaintiff’s response both to those assertions and to form the predicate of her own demand for summary judgment is not persuasive. Plaintiff contends that the statute was intended to benefit the unsuccessful plaintiffs in the article 78 petition (Matter of Burns v Regan, supra) and as such should be given retroactive effect to allow her to make the election. While the showing here on the part of plaintiff clearly indicates that the Legislature was aware of the issues of the Burns case, it does not establish that the bill creating Retirement and Social Security Law § 43 (i) was aimed at their specific plight.
To implement plaintiff’s interpretation of the legislative intent would be a usurpation of the legislative function by this court. If that body had specifically intended the bill to benefit the 35 plaintiffs of the Burns case (supra), it would have been more thoughtfully drafted to include the missing conditions precedent upon which this controversy turns; this court may not so amend what has been clearly set down to be the requirements for election (see, Matter of O’Brien v Tremaine, 285 NY 233). Remedial statutes should not be given retroactive effect in the absence of clear legislative indication, particularly where such application would work mischief upon claims already finalized (see, Matter of Thomas v Bethelehem Steel Corp., 63 NY2d 150).
To make the election provided by the statute, an applicant must have (1) been a member of NYSERS between August 4, 1984 and March 31, 1985, (2) filed the appropriate papers making the election with both NYSERS and the retirement system of which the applicant was a member before joining NYSERS, and (3) deposited or begun to deposit with NYSERS on March 31, 1985 any contribution withdrawn from preNYCERS retirement system with interest.
The plaintiff’s claim falls far short of these requirements, rendering her claim unsupportable.
The only matter presented for determination was an interpretation of eligibility as set forth in the statutory terms which are unambiguous (see generally, Long Is. R. R. Co. v Northville Indus. Corp., 41 NY2d 455). Summary judgment is *821 mandated upon ascertaining that there is no cause of action (Senrow Concessions v Shelton Props., 10 NY2d 320, 326).
Accordingly, defendants’ motion and cross motion for summary judgment dismissing the complaint are granted and plaintiffs application for the same relief is denied.