■ In the Matter of RUBY WILLIAMS, Petitioner, v EDWARD REGAN, as Comptroller of the State of New York, Respondent. —Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review determinations of respondent which denied petitioner's applications for accidental and ordinary disability retirement benefits.

Petitioner was employed at the Staten Island Developmental Center in Richmond County as a mental hygiene therapy aide. Petitioner alleges to have suffered accidents on January 27, 1970 and January 30, 1980, as well as on January 24, 1984. This latter injury, which resulted in petitioner's disability, occurred, according to petitioner's own testimony, when she fell on ice outside her place of employment before she started work for the day. Petitioner last worked in July 1984 and received some pay until February 1985, when her employment was terminated. In January 1985, petitioner sought accidental disability retirement benefits, which respondent denied in September 1985. Respondent determined that although petitioner was disabled, "the disability is not the natural and proximate result of an accident sustained in the service upon which her membership is based". Thereafter, in November 1985, petitioner applied for ordinary disability retirement benefits, which respondent also denied because petitioner was not in service when these benefits were sought.

At the hearing for redetermination of both requests, peti-

tioner was unable to find counsel to represent her and appeared *pro se.* The parties agreed not to present medical testimony, but to submit the medical evidence previously considered for review. Other testimony was taken. Respondent denied petitioner's applications for essentially the same reasons as the initial denials. This proceeding followed and has been transferred to this court pursuant to CPLR 7804 (g).

Accidental disability retirement benefits are available only where the applicant's disability is the natural and proximate result of an in-service accident (Retirement and Social Security Law § 63 [a] [1]). Here, petitioner's own testimony establishes that the January 24, 1984 incident occurred before she reported to work when she slipped and fell on an icy ramp outside the building. This evidence, which is not contradicted by petitioner's time and accrual records, provides substantial evidence to support respondent's determination that petitioner's disability was not the natural and proximate result of injuries sustained in service *(see, Matter of Chambers v Regan,* 125 AD2d 920; *Matter of Smith v Regan,* 115 AD2d 161). Respondent also had a reasonable basis to conclude that petitioner's earlier incidents were not the cause of her disability in light of her testimony that she was able to perform her duties until the January 1984 incident.

Next, respondent's determination that petitioner did not file her application for ordinary disability retirement while actually in service is supported by substantial evidence. Retirement and Social Security Law § 62 (aa) (2) requires that the member, upon seeking ordinary disability retirement benefits, must be in service or discontinued from service for less than 91 days so long as the disability occurred before the discontinuation. We have held that to be "in service, an applicant must be either actually working or on a medical leave of absence as defined by 2 NYCRR 309.2" *(Matter of Ryan v Regan,* 124 AD2d 441). Here, the record indicates that petitioner was on a medical leave of absence until February 22, 1985, at which time she was terminated from her employment. Her application for ordinary disability retirement benefits was not filed for some seven months. These facts provide substantial evidence for respondent's conclusion that petitioner was not in service when she sought ordinary disability retirement benefits *(see, Matter of Cunningham v Regan,* 105 AD2d 922, 923, *affd* 66 NY2d 628).

We reject petitioner's contention that the date of filing for ordinary disability retirement benefits should be deemed to be the date she filed for accidental disability retirement benefits.

Retirement and Social Security Law §§ 62 and 63 require separate applications for each type of benefit and one cannot be substituted for the other *(see, Matter of McKay v Levitt,* 69 AD2d 921). We also find no merit to petitioner's claim that respondent should be estopped from claiming that her ordinary disability retirement application was untimely because she relied on respondent's advice to file for accidental disability retirement benefits. Eligibility cannot be provided by estoppel where a person clearly does not statutorily qualify *(Matter of O'Neill v Regan,* 114 AD2d 613, 614; *Matter of Burns v Regan,* 87 AD2d 944, 946, *appeal dismissed* 57 NY2d 954). Finally, we find no denial of due process since, in the absence of a request, respondent was under no duty to provide petitioner with information about ordinary disability retirement benefits *(see, Matter of Nutt v New York State Employees' Retirement Sys.,* 72 AD2d 898, 900).

Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.