OPINION OF THE COURT
William H. Keniry, J.
This CPLR article 78 proceeding raises the issue of whether *287 the petitioner, a Justice of the Supreme Court in the Eleventh Judicial District, is entitled to receive retirement service credit from the respondent New York State and Local Employees’ Retirement System (the State retirement system) for military service she performed during World War II.
The facts are not in dispute. Petitioner served as an ensign in the United States Navy from October 6, 1942 to December 30, 1944. She joined the State retirement system for the first time on June 5, 1967. On May 5, 1969, petitioner became a Judge of the Civil Court of the City of New York and shortly thereafter she transferred her membership to the New York City Employees’ Retirement System (the City retirement system). On January 1, 1974, the petitioner assumed her present judicial office and she then rejoined the State retirement system.
Petitioner subsequently filed a request with the State retirement system to add the time she spent in military service to her retirement credit under section 41 (k) of the Retirement and Social Security Law. Her application was denied. Petitioner filed an administrative appeal and a hearing was held before an Administrative Law Judge pursuant to section 74 of the Retirement and Social Security Law. The Administrative Law Judge sustained the denial. This proceeding was commenced.
Section 41 (k) of the Retirement and Social Security Law sets forth the eligibility requirements under which certain members of the State retirement system can obtain retirement service credit for certain World War II military service. Section 41 (k) reads as follows:
"k. Credit for certain world war II service.
"1. In addition to credit for military service as defined in paragraph one of subdivision thirty-one of section two of this chapter, a member in the employ of the state as of March thirty-first, nineteen hundred seventy, may obtain credit for military service as defined in paragraph two of subdivision thirty-one of section two of this chapter in accordance with the provisions of this subdivision.”
Petitioner concedes that she does not qualify for military service credit under the definition set forth in subdivision (31) (1) of section 2 of the Retirement and Social Security Law. She argues, however, that she qualifies under the definition set forth in subdivision (31) (2) of section 2 of the Retirement and Social Security Law. That section reads as follows: "(2) Mili *288 tory service, not in excess of three years and not otherwise creditable under paragraph one hereof, rendered on active duty in the armed forces of the United States during the period commencing July first, nineteen hundred forty, and terminating December thirty-first, nineteen hundred forty-six, by a person who was a resident of New York state at the time of entry into such service and at the time of being discharged therefrom under honorable circumstances, or, if not a resident of this state at such times was then or thereafter became an employee of a participating employer created by and deriving its powers from an agreement between this state and any other state, and was a resident of such other state at the time of entry into and discharge from such service, and who makes the payments required by subdivision k of section forty-one of this article.”
In this proceeding the respondents concede that the residency requirements set forth in subdivision (31) (2) are not being enforced so that for purposes of this proceeding the statute reads as follows: "(2) Military service, not in excess of three years and not otherwise creditable under paragraph one hereof, rendered on active duty in the armed forces of the United States during the period commencing July first, nineteen hundred forty, and terminating December thirty-first, nineteen hundred forty-six, by a person * * * discharged therefrom under honorable circumstances * * * and who makes the payments required by subdivision k of section forty-one of this article.”
Petitioner contends that the Administrative Law Judge erred in failing to properly consider her entitlement to military service credits under the definition set forth in subdivision (31) (2) of section 2. Petitioner concedes that on March 1, 1970 she was an employee of the City of New York and not the State of New York. However, petitioner contends that, based upon her transfer back into the State retirement system on January 1, 1974 and the application of section 43 (b) of the Retirement and Social Security Law, she is "deemed” to have been a member of the system to which she transferred (the State retirement system) during the entire period of membership service credited to her in the system from which she has transferred (the City retirement system). Thus, petitioner contends that she thereby qualifies to obtain credit for her World War II military service under section 41 (k).
The respondents’ position in opposition is a simple one. *289 They contend that section 41 (k) mandates that a member of the State retirement system must have been “in the employ of the state as of March thirty-first, nineteen hundred seventy” in order to obtain credit for World War II military service. Respondent alleges that petitioner has not and cannot demonstrate compliance with that condition. The respondents argue that the Administrative Law Judge properly ruled that petitioner was not in the employ of the State on March 31, 1970. The respondents do not dispute the fact that section 43 (b) “deems” petitioner to have been a member of the State retirement system on March 31, 1970. However, respondents contend that membership in the State retirement system does not satisfy the requirement of section 41 (k) that petitioner be “in the employ of the state”.
When the language of a statute is plain and unambiguous and the meaning is clear and definite, there is no need for the court to interpret the statute (New Amsterdam Cas. Co. v Stecker, 3 NY2d 1). The court in such case must apply the statute as written. Words of ordinary import are to be given their usual and customary meaning. (McKinney’s Cons Laws of NY, Book 1, Statutes § 232; Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd., 51 NY2d 506, 511.)
In this case, the phrase “in the employ of the state as of March thirty-first, nineteen hundred seventy” contained in section 41 (k) of the Retirement and Social Security Law is clear and unambiguous. The word "employ” does not need any construction or interpretation. It is used in its ordinary and common sense.
The record establishes perforce that petitioner was not “in the employ of the state as of March thirty-first, nineteen hundred seventy”. Thus, the respondents’ determination concluding that petitioner was not entitled to obtain credit for her World War II military service under section 41 (k) of the Retirement and Social Security Law is not irrational or unreasonable and must be sustained. (Matter of Howard v Wyman, 28 NY2d 434; Matter of Burns v Regan, 87 AD2d 944.)
The court has examined the petitioner’s remaining argument that respondents allegedly wrongfully induced petitioner to transfer to the City retirement system in 1970 and finds it to be without merit.
The petition is dismissed without costs.