■ In the Matter of BERNARD J. QUINN, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [633 NYS2d 93] —Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 22, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

On August 14, 1990 petitioner filed an application for a service retirement with the State and Local Employees' Retirement System and retired from State service effective September 30, 1990. By letter dated December 21, 1992, petitioner sought to convert his ordinary retirement into an accidental disability retirement on the basis of an injury he had suffered in 1989. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging respondent's determination that he was ineligible for accidental disability retirement benefits because he had failed to file the appropriate application within the statutory time period. Respondent's motion to dismiss the petition was granted by Supreme Court on the basis that petitioner's request for accidental disability retirement benefits was untimely as a matter of law. Petitioner appeals.

We affirm. Retirement and Social Security Law § 63 (a), which governs applications for accidental disability retirement benefits, provides in relevant part that an "application may be made not later than two years after the member is first discontinued from service" (*Matter of O'Marah v Levitt*, 35 NY2d 593). Petitioner's application for accidental disability retirement benefits was made more than two years after he retired from State service.

Petitioner's contention that his service retirement application should be retroactively deemed one for accidental disability retirement benefits is without merit. Accidental disability retirement benefits require a separate application (*see, Matter of Williams v Regan*, 145 AD2d 884; *Matter of McKay v Levitt*, 69 AD2d 921). Similarly without merit is petitioner's contention that a 1977 leaflet issued by the then-State Employees' Retirement System implies otherwise; eligibility cannot be provided by estoppel where a person does not statutorily qualify (*see, Matter of O'Neill v Regan*, 114 AD2d 613, 614). Furthermore, the leaflet's preface states that its contents are brief and very general, and it cautions the reader that it is not a substitution for the law.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.